JERRY DELANO *v.* THE ARMSTRONG RUBBER COMPANY

BROWN, JENNINGS, BALDWIN, INGLIS AND ALCORN, Js.

Argued March 8—decided May 23, 1950.

*James F. Rosen,* for the appellant (plaintiff).

*John W. Barclay,* with whom, on the brief, were *Albert H. Barclay* and *Albert H. Barclay, Jr.,* for the appellee (defendant).

BALDWIN, J. The plaintiff brought suit to recover alleged unpaid overtime compensation, liquidated damages and attorney's fees under the Fair Labor Standards Act of 1938. 52 Stat. 1069, § 16(b), 29 U. S. C. § 216(b). This act requires an employer to pay time and one-half for all time that an employee works in excess of forty hours a week, unless the employee is exempt under the act. 52 Stat. 1063, § 7, 1067, § 13(a)(1); 29 U. S. C. §§ 207, 213(a)(1). The defendant concedes that it is subject generally to the

operation of the act but alleges in a special defense that the plaintiff was exempt under § 13(a)(1) because, during all the time for which he makes claim, he was employed by the defendant in a bona fide executive or administrative capacity.

Acting pursuant to the power conferred by the act, the administrator established regulations which defined the term "bona fide executive or administrative employee" as used in the act as follows: "The term 'employee employed in a bona fide executive . . . capacity' in § 13(a)(1) of the act shall mean any employee: (a) Whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and (b) Who customarily and regularly directs the work of other employees therein, and (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and (d) Who customarily and regularly exercises discretionary powers, and (e) Who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities), and (f) Whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction: *Provided,* That this [subsection (f)] shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment." 29 C. F. R. 541.1. These regulations have been recognized as constitutional and valid. *Fanelli* v. *United States Gypsum Co.*, 141 F. 2d 216, 218; *Walling* v. *Yeakley*, 140 F. 2d 830, 832.

The trial court concluded that the plaintiff was a bona fide executive employee. The plaintiff does not except to the subordinate facts found by the court but attacks the conclusion as one that cannot be legally drawn from them. The defendant is a manufacturer of automobile tires. It hired the plaintiff to serve as a foreman in its tube department, a separate subdivision of its plant. The plaintiff worked as a foreman during all the time for which extra compensation is claimed. His job was to manage the department, in the course of which he directed the work, instructed the employees as to quantity and type of goods produced, transferred them from one job to another, set up work orders, inspected and criticized the work and was responsible for the proper functioning of the department. Employees were hired with his approval and discharged upon his recommendation. He determined the number of employees necessary to operate the department, instituted changes in job classifications and rates of wages and passed upon employees' time slips. He was responsible to his superiors for the quantity and quality of goods produced and to that end decided what quantities of materials were required, requisitioned what were needed and approved or disapproved what were received. On occasion when machines got out of order and he was off duty, he would come to the plant to help get them started.

The plaintiff alleges that certain subordinate facts found by the court compel a conclusion that he was not a bona fide executive employee. They are concerned with the method of determining the plaintiff's pay and the type of work he at times performed. At the beginning, the plaintiff received a basic weekly salary of $40 regardless of whether he reported for work each day or was home ill. This was increased from time to time up to $65. His basic salary was not subject to reduction

because of any variation in the number of hours he worked. The plaintiff did get additional compensation based upon the time which he worked over the regular work week. The additional compensation and longer hours came about in this way: In the latter part of 1943, the defendant was operating its plant under a war-time schedule which extended the number of days worked from five to six, and finally to seven, days per week. The plaintiff's salary had originally been established on the basis of a forty-five-hour work week, and the defendant, wishing to increase the plaintiff's compensation for the longer hours he worked and to pay him fairly in relation to other employees below him in rank, sought and received, as the law required, approval from the salary stabilization unit of the United States Treasury for an increase whenever the plaintiff worked on Saturday or Sunday, or both days, as he sometimes did. The amount of the increase was first determined by dividing the number of hours of the plaintiff's regular work week into the amount of his salary and paying him an additional sum at the hourly rate thus determined for the number of hours worked Saturday, and double that rate for the hours worked Sunday. The total weekly pay was paid in one check. If the plaintiff was absent on any day from Monday through Friday for any personal cause except illness, he did not receive extra compensation for working the following Saturday, and if he was so absent on two days, he did not receive extra compensation for working the following Saturday and Sunday.

This arrangement continued from November 1, 1943, until October 22, 1945. On the latter date the plaintiff's basic salary was fixed at $65 per week, the work week then being six days, and thereafter he received extra pay only for the seventh day. The amount of his compensation over and above his salary was computed by

reference to his salary. It was determined by the hourly rate of his salary for the normal week. In that sense, therefore, the basis of his entire weekly compensation was the salary which had been agreed upon. The method of granting extra compensation to the plaintiff was not such as to require a conclusion, as a matter of law, that his status was changed from that of a bona fide executive employee to that of a nonexempt employee. The plaintiff was guaranteed a net salary in excess of the $30 per week minimum set forth in the regulations. In construing the exemption contained in the act, so long as the requirements of the six factors set forth in the regulations are met, and the court has properly found that they have been, the relationship of the employee to his work, his employer and his fellow employees must be regarded as a whole. The conclusion of the trial court from the subordinate facts meets this test completely. *Smith* v. *Porter,* 143 F. 2d 292, 295; *Pye* v. *Atlantic Co.,* 223 N. C. 92, 96, 25 S. E. 2d 401; *Anderson* v. *Federal Cartridge Corporation,* 72 F. Sup. 639, 643; see *Phillips* v. *Federal Cartridge Corporation,* 69 F. Sup. 522; *Jones* v. *Bethlehem-Fairfield Shipyard, Inc.,* 75 F. Sup. 86; *Gorchakoff* v. *California Shipbuilding Co.,* 63 F. Sup. 309; 7 W. H. R. 858; W. H. M. (Cum. Ed. 1949) 20:101; W. H. M. (Cum. Ed. 1944-45), pp. 692, 716.

The plaintiff's claims do not invalidate this conclusion. The cases of *Walling* v. *Yeakley,* 140 F. 2d 830, *Helliwell* v. *Haberman,* 140 F. 2d 833, *Walling* v. *Morris,* 155 F. 2d 832, and *Chepard* v. *May,* 71 F. Sup. 389, cited by him, were decided upon states of facts different from those before us and are distinguishable on that ground. In *Walling* v. *Yeakley,* supra, the court says (p. 832): "Obviously, the most pertinent test for determining whether one is a bona fide executive is the duties which he performs. Admittedly, a person might

be a bona fide executive in the general acceptation of the phrase, regardless of the amount of salary which he receives. On the other hand, it is generally true that those in executive positions assume more responsibility and are generally higher paid than those who work under the supervision and direction of others." The trial court has found that the defendant paid the plaintiff the extra compensation in order to treat him fairly in relation to those under him who were receiving time and one-half and double time for extra work.

The plaintiff attaches great importance to the fact found by the court that he punched a time clock as the other employees did. The time clock was the means used to measure the amount of compensation the plaintiff was to receive over and above the fixed minimum of his salary and can have no more significance than that the plaintiff received extra compensation on an hourly basis, a point which we have already considered. Standing alone, the punching of the time clock and payment solely on an hourly basis might be determinative of the case. They must be considered, however, with all the other factors relating to the method of compensating the plaintiff, and, so considered, we cannot say that the trial court was wrong in concluding that punching a time clock was not inconsistent with a conclusion that the plaintiff was an executive employee as defined under the act. The cases cited in the plaintiff's brief on this point are clearly distinguishable on their facts from the case at bar.

The plaintiff further says that "his status as a working foreman-adjuster . . . [does] not place him within the category of a bona fide executive employee." The court has found that the time spent by the plaintiff doing the same type of work as the hourly employees in his department did not exceed 20 per cent of the number of hours worked by such employees, a criterion

established by the regulations, and thus this factor is excluded as a determinant one. *Pye* v. *Atlantic Co.,* 223 N. C. 92, 96, 25 S. E. 2d 401; *Anderson* v. *Federal Cartridge Corporation,* 72 F. Sup. 639, 643. The defendant did require that if the plaintiff was absent from his work during the week for personal reasons, as distinguished from sickness, he would not get extra compensation for Saturday, and possibly for Sunday, work. This arrangement did not affect his basic salary, which was at all times in excess of the $30 weekly set forth in the regulations, and it was in no sense a deduction from his salary. 7 W. H. R. 858.

The plaintiff assigned one ruling on evidence as error. Over the plaintiff's objection and exception, correspondence with the salary stabilization unit was introduced in connection with the plaintiff's raise in salary. Examination of this correspondence reveals nothing that could have affected the result. The approval of the salary stabilization unit bore only on the legality of giving the claimant additional compensation, and the admission of the correspondence, if error, was at most harmless.

There is no error.

In this opinion the other judges concurred.