James D. HODGSON, Secretary of Labor, United States Department of Labor

v.

BARGE, WAGGONER AND SUMNER, INCORPORATED, a corporation.

Civ. A. No. 6430.

United States District Court, M. D. Tennessee, Nashville Division.

June 23, 1972.

---

Richard F. Schubert, Sol., Marvin Tincher, Regional Atty., Janie G. Harris, Atty., Dept. of Labor, Nashville, Tenn., for plaintiff.

Wilson Sims, John H. Bailey, III, Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, District Judge.

This is an action to enjoin the defendant from violating the provisions of § 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.) and to restrain the defendant from any withholding of payments of overtime compensation allegedly due its employees under the Act.

Defendant Barge, Waggoner and Sumner, Incorporated, is a Tennessee corporation having its office and place of business at 404 James Robertson Parkway, Nashville, Davidson County, Tennessee. The corporation is an engineer-ing firm engaged in the design and planning of roads, bridges, water and sewage treatment plants, recreation sites, and commercial and industrial sites.

It is admitted that this court has jurisdiction and that defendant's activities constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(r) and § 3(s)(1) of the Act.

The question involved in this suit is whether certain employees of the defendant are exempt as professional or executive employees, within the provisions of the Act or the regulations promulgated thereunder.

Ten employees of the defendant are involved in this litigation. Generally, these employees fall into two classifications, as follows:

(1) Employees who are paid for all hours worked, including overtime, at straight hourly rates. Four of the ten employees fall into this category.

(2) Those employees which elect to be a part of the "vacation plan."

As to those employees who are compensated under the first plan, total weekly hours are recorded and the weekly paycheck of these individuals is determined by multiplying the total hours worked each week by the employee's hourly rate. There is no guaranteed minimum hourly work week.

As to those employees who participate in the "vacation plan," records of the hours worked by the employees are kept and variations from the 40-hour work week are recorded. If an employee works more than 40 hours per week, that employee draws a compensation determined by multiplying 40 hours per week by the hourly rate. Any hours in excess of the 40 hours are credited to the employee in the vacation plan. This credit is comparable to a deposit into a savings account for the employee of a sum equal to the excess number of hours worked over 40 per week, multiplied by the hourly rate. In a subsequent week

if an employee works, for example, 39 hours per week, the employee receives compensation for 40 hours, with one hour being withdrawn. At intervals throughout the year, normally quarterly, an adjustment is made, and if the employee has hours of credit coming to him, a check is written for the balance in the hour bank. If there is a deficit, this amount is shown on the books as being due to the employer by the employee. At given times bonuses are voted to the employees by the Board of Directors. Any amount shown on the books as being due the employee because the employee has overdrawn his hour bank account in the vacation plan is charged against the bonus.

■ Defendant insists that all ten employees are exempt from the provisions of the Wage and Hour Law by virtue of 29 U.S.C. § 213(a), which provides in part as follows:

"The provisions of sections 206 and 207 of this title shall not apply with respect to—

"(1) any employee employed in a bona fide executive, administrative, or professional capacity, . . . (as such terms are defined and delimited from time to time by regulations of the Secretary . . .) . . . ."

Section 541.1 of the Regulations, Title 29, Code of Federal Regulations, issued pursuant to the above statutory authority, defines "bona fide executive." Section 541.2 defines "administrative" capacity, and section 541.3 defines "professional" capacity. A copy of these sections of the Regulations is attached to this opinion as Appendix A.

These regulations are valid, binding, and have the force of law. Walling v. Morris, 155 F.2d 832 (6th Cir. 1946); Craig v. Far West Engineering Co., 265 F.2d 251 (9th Cir. 1959).

Section 541.3(e) specifically provides that an employee must be "compensated on a salary or fee basis." A detailed explanation and interpretation of the explanation of a salary basis appears at § 541.118. A copy of this section is at-tached to this opinion as Appendix B. The pertinent portions of § 541.118(a) require that an employee receive, "each pay period on a weekly, or less frequent, basis a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." Section 541.118(a) further provides that "the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked."

■■ It is well settled that in order to bring an employee within the claimed exempt classification, the employer must show that all of the enumerated qualifications exist. Walling v. Morris, supra. Since the employees of the defendant were paid on an hourly basis, and were not guaranteed "a predetermined amount," these employees do not fall within the exemption of § 213(a) of 29 U.S.C. Neither those employees who are compensated under the first plan nor those under the vacation pay plan meet the requirements of the above-cited regulations.

As stated by the Sixth Circuit Court of Appeals:

"The stipulated facts show that the dispatchers are not employed on a salary basis, one of the essential requirements for both the executive and one employed in an administrative capacity. [citing cases]. . . ." Walling v. Morris, supra, at 836.

In the case of Craig v. Far West Engineering Co., supra, 265 F.2d at 259, 260, the court said:

"Although at first blush it does not seem to this Court to be logical, other courts have determined that to qualify as an exempted employee the worker must be paid on a 'salary basis.' Walling v. Morris, 6 Cir., 1946, 155 F.2d 832; Helliwell v. Haberman, 2 Cir., 1944, 140 F.2d 833; Walling v. Yeakley, [10 Cir., 140 F.2d 830] supra. Cf. also, McReynolds v. Pocahontas Corp., 4 Cir., 1951, 192 F.2d 301;

Delano v. Armstrong Rubber Co., 1950, 136 Conn. 663, 73 A.2d 828, certiorari denied 340 U.S. 840, 71 S.Ct. 28, 95 L.Ed. 616. And see, generally, Annotation, 40 A.L.R.2d 332 (1955), particularly at pages 347–349."

\*    \*    \*    \*    \*    \*

"However, we agree with the other circuits that this particular regulation pertaining to 'salary basis' compensation must be taken to mean precisely what it says, and that it is a reasonable exercise of authority delegated to the Administrator. We say this because upon examination of the history behind the promulgation of these regulations, it becomes clear that the rationale underlying them is sound and apparently the one practical method of 'defining and delimiting' the rather vague and ambiguous terms used in the statute . . . .

"Accordingly we conclude that the district court was correct in ruling that since these employees were paid on an hourly basis they could not, as a matter of law, be within the exempted categories, Far West's contentions notwithstanding. The regulations of the Administrator are worded in the conjunctive, therefore, this failure to comply with one of the standards provided is dispositive of the question, and it is unnecessary to consider the other requirements. Walling v. Morris, supra. There is a finding as to each of these employees that they were paid on an hourly basis, and we are bound by this, there being no evidence to the contrary . . . ."

As the ten employees are not paid on a salary basis, defendant cannot validly claim an exemption under any category of 29 U.S.C. § 213(a). Therefore, the court need not consider any other prerequisites for § 213(a) exemptions, as set out in the regulations promulgated thereunder, §§ 541, 542, 543.

The attorney for the plaintiff will prepare an order containing a computation therein of the amount of overtime due each of the ten employees, treating each work week as a separate payment period without the allowance of any set-off payments against overtime liability as has been done in the vacation plan.

The plaintiff also seeks to have this court permanently enjoin the defendant and its officers, agents, servants and employees from violating the provisions of § 15(a)(2) of the Wage and Hour Act.

Evidence was introduced that the defendant and its records were checked and audited by the Labor Department on different occasions in the past. On said audits, the employees of the defendant asserted that no question was raised by the Labor Department as to the inadequacy of the defendant's system, and that the plaintiff, at least by its acquiescence, approved of this payment method. This court is impressed with the obvious sincerity of the president of the defendant corporation, and of his express desire to comply completely with the law. This court is likewise impressed with the fact that the defendant did not willfully violate the provisions of the Wage and Hour Law.

█ Therefore, the court is of the opinion that the employer has shown sufficient good faith that no liquidated damages should be allowed, and further, that no injunction should be granted. Retail Store Employees Union, Local 400 v. Drug Fair-Community Drug Co., 307 F.Supp. 473 (D.D.C.1969).

Plaintiff will prepare and submit an order to the court with the computations as directed by this Memorandum.

### APPENDIX A

§ 541.1 *Executive.*

The term "employee employed in a bona fide executive \* \* \* capacity" in section 13(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and

(b) Who customarily and regularly directs the work of two or more other employees therein; and

(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

(d) Who customarily and regularly exercises discretionary powers; and

(e) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section:

*Provided,* That this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment, or who owns at least a 20-percent interest in the enterprise in which he is employed; and

(f) Who (except as otherwise provided in § 541.5b) is compensated for his services on a salary basis at a rate of not less than $125 per week (or $115 per week, if employed in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: *Provided,* That an employee who (except as otherwise provided in § 541.5b) is compensated on a salary basis at a rate of not less than $200 per week (or $150 per week, if employed in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all of the requirements of this section.

[32 F.R. 7824, May 30, 1967, as amended at 35 F.R. 885, Jan. 22, 1970]

§ 541.2 *Administrative.*

The term "employee employed in a bona fide * * * administrative * * * capacity" in section 13(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of either:

(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, or

(2) The performance of functions in the administration of a school system or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein; and

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assist a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

(3) Who executes under only general supervision special assignments and tasks; and

(d) Who does not devote more than 20 percent, or, in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section; and

(e)(1) Who (except as otherwise provided in § 541.5b) is compensated for his services on a salary or fee basis at a rate of not less than $125 per week (or $100 per week, if employed in Puerto Rico, the Virgin Islands, or American

Samoa), exclusive of board, lodging, or other facilities, or

(2) Who, in the case of academic administrative personnel, is compensated for his services as required by subparagraph (1) of this paragraph, or on a salary basis which is at least equal to the entrance salary for teachers in the school system, educational establishment, or institution by which he is employed:

*Provided,* That an employee who (except as otherwise provided in § 541.5b) is compensated on a salary or fee basis at a rate of not less than $200 per week (or $150 per week, if employed in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance of work described in paragraph (a) of this section, which includes work requiring the exercise of discretion and independent judgment, shall be deemed to meet all of the requirements of this section.

[32 F.R. 7824, May 30, 1967, as amended at 35 F.R. 885, Jan. 22, 1970]

§ 541.3 *Professional.*

The term "employee employed in a bona fide * * * professional capacity" in section 13(a)(1) of the Act shall mean any employee:

(a) Whose primary duty consists of the performance of:

(1) Work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual *instruction and study, as distinguished* from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or

(2) Work that is original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination, or talent of the employee, or

(3) Teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher certified or recognized as such in the school system or educational establishment or institution by which he is employed; and

(b) Whose work requires the consistent exercise of discretion and judgment in its performance; and

(c) Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; and

(d) Who does not devote more than 20 percent of his hours worked in the workweek to activities which are not an essential part of and necessarily incident to the work described in paragraphs (a) through (c) of this section; and

(e) Who (except as otherwise provided in § 541.5b) is compensated for his services on a salary or fee basis at a rate of not less than $140 per week (or $125 per week, if employed in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities: *Provided,* That this paragraph shall not apply in the case of an employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and who is actually engaged in the practice thereof, nor in the case of an employee who is the holder of the requisite academic degree for the general practice of medicine and is engaged in an internship or resident program pursuant to the practice of medicine or any of its branches, nor in the case of an employee employed and engaged as a teacher as provided in paragraph (a)(3) of this section; and *Provided further,* That an employee who (except as otherwise provided in § 541.-5b) is compensated on a salary or fee basis at a rate of not less than $200 per

week (or $150 per week, if employed in Puerto Rico, the Virgin Islands, or American Samoa), exclusive of board, lodging, or other facilities, and whose primary duty consists of the performance either of work described in paragraph (a)(1) or (3) of this section, which includes work requiring the consistent exercise of discretion and judgment, or of work requiring invention, imagination, or talent in a recognized field of artistic endeavor, shall be deemed to meet all of the requirements of this section.

[32 F.R. 7824, May 30, 1967, as amended at 35 F.R. 885, Jan. 22, 1970]

## APPENDIX B

§ 541.118 *Salary basis.*

(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent, basis a predetermined amounting constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

(1) An employee will not be considered to be "on a salary basis" if deductions from his predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. Accordingly, if the employee is ready, willing and able to work, deductions may not be made for time when work is not available.

(2) Deductions may be made, however, when the employee absents himself from work for a day or more for personal reasons, other than sickness or accident. Thus, if an employee is absent for a day or longer to handle personal affairs, his salaried status will not be affected if deductions are made from his salary for such absences.

(3) Deductions may also be made for absences of a day or more occasioned by sickness or disability (including industrial accidents), if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by both sickness and disability. Thus, if the employer's particular plan, policy or practice provides compensation for such absences, deductions for absences of a day or longer because of sickness or disability may be made before an employee has qualified under such plan, policy or practice, and after he has exhausted his leave allowance thereunder. It is not required that the employee be paid any portion of his salary for such day or days for which he receives compensation for leave under such plan, policy or practice. Similarly, if the employer operates under a State sickness and disability insurance law, or a private sickness and disability insurance plan, deductions may be made for absences of a working day or longer if benefits are provided in accordance with the particular law or plan. In the case of an industrial accident, the "salary basis" requirement will be met if the employee is compensated for loss of salary in accordance with the applicable compensation law or the plan adopted by the employer, provided the employer also has some plan, policy or practice of providing compensation for sickness and disability other that that relating to industrial accidents.

(4) Deductions may not be made for absences of an employee caused by jury duty, attendance as a witness, or temporary military leave. The employer may, however, offset any amounts received by an employee as jury or witness fees or military pay for a particular week against the salary due for that particular week without loss of the exemption.

(5) Penalties imposed in good faith for infractions of safety rules of major

significance will not affect the employee's salaried status. Safety rules of major·significance include only those relating to the prevention of serious danger to the plant or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.

(6) The effect of making a deduction which is not permitted under these interpretations will depend upon the facts in the particular case. Where deductions are generally made when there is no work available, it indicates that there was no intention to pay the employee on a salary basis. In such a case the exemption would not be applicable to him during the entire period when such deductions were being made. On the other hand, where a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to have been lost if the employer reimburses the employee for such deductions and promises to comply in the future.

(b) *Minimum guarantee plus extras.* It should be noted that the salary may consist of a predetermined amount constituting all or part of the employee's compensation. In other words, additional compensation besides the salary is not inconsistent with the salary basis of payment. The requirement will be met, for example, by a branch manager who receives a salary of $125 or more per week ($115 per week, until Feb. 1, 1971, if brought within the purview of the Act by the Fair Labor Standards Amendments of 1965) and, in addition, a commission of 1 percent of the branch sales. The requirement will also be met by a branch manager who receives a percentage of the sales of profits of his branch, if the employment arrangement also includes a guarantee of at least the minimum weekly salary (or the equiva-lent for a monthly or other period) required by the regulations. Another type of situation in which the requirement will be met is that of an employee paid on a daily or shift basis, if the employment arrangement includes a provision that he will receive not less than the amount specified in the regulations in any week in which he performs any work. Such arrangements are subject to the exceptions in paragraph (a) of this section. The test of payment on a salary basis will not be met, however, if the salary is divided into two parts for the purpose of circumventing the requirement of payment "on a salary basis". For example, a salary of $175 a week may not arbitrarily be divided into a guaranteed minimum of $125 paid in each week in which any work is performed, and an additional $50 which is made subject to deductions which are not permitted under paragraph (a) of this section.

(c) *Initial and terminal weeks.* Failure to pay the full salary in the initial or terminal week of employment is not considered inconsistent with the salary basis of payment. In such weeks the payment of a proportionate part of the employee's salary for the time actually worked will meet the requirement. However, this should not be construed to mean that an employee is on a salary basis within the meaning of the regulations if he is employed occasionally for a few days and is paid a proportionate part of the weekly salary when so employed. Moreover, even payment of the full weekly salary under such circumstances would not meet the requirement, since casual or occasional employment for a few days at a time is inconsistent with employment on a salary basis within the meaning of the regulations.

[28 F.R. 9505, Aug. 30, 1963, as amended at 35 F.R. 186, Jan. 22, 1970]