**Samuel A. LANE, Plaintiff,**

v.

**M'S PUB, INC., Defendant.**

Civ. No. 76–0–459.

United States District Court,
D. Nebraska.

Aug. 24, 1977.

**918**

John F. Thomas, Omaha, Neb., for plaintiff.

William G. Dittrick, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter is before the Court upon the defendant's motion for summary judgment [Filing # 17] after a hearing on August 12, 1977. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for the recovery of unpaid overtime compensation pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1337.

The defendant is a restaurant and bar in Omaha, Nebraska. The plaintiff worked for the defendant from January 1, 1976 through September 3, 1976 as a "bookkeeper and manager" [Filing # 19]. The plaintiff alleges that during the period of his employment he worked an unspecified number of workweeks in excess of forty-six hours without payment of overtime compensation, in violation of 29 U.S.C. § 207.

The defendant claims to be exempt from the wage and hour provisions of the Act by virtue of 29 U.S.C. § 213(a)(1) and 29 U.S.C. § 213(a)(2). Section 213(a)(1) exempts

> any employee employed in a bona fide executive, administrative, or professional capacity . . . (as such terms are defined and delimited from time to time by regulations of the Secretary . . . except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities.)

The Court finds that this exemption does not apply to the plaintiff for the reasons set forth below.

The defendant asserts that the plaintiff was in charge of issuing and verifying payroll checks, ordering and paying for supplies, hiring and firing restaurant employees, and "generally managing the customer service aspect of the defendant's restaurant" [Filing # 19]. The defendant has not specified any hourly, weekly, or other percent of the plaintiff's total time spend in each of these duties. Moreover, there is a suggestion in the record that the plaintiff also served as a waiter and bartender, and the hours spent in those occupations are not indicated [Filing # 10].

29 C.F.R. § 541.1 establishes six criteria, all of which must be met before the plaintiff can be considered an "executive" employee. *See generally, Rau v. Darling's Drug Store, Inc.,* 388 F.Supp. 877, 881–83 (W.D.Pa.1975). Section 541.1(b) requires that the employee "customarily and regularly [direct] the work of two or more other employees." The defendant does not claim that plaintiff fulfilled this requirement.

Section 541.1(d) requires that the employee "customarily and regularly [exercise] discretionary powers." The Court finds that the issuing of payroll checks and ordering and paying for supplies are essentially clerical duties. While hiring and firing personnel would constitute the exercise of discretion, no specific amount of time is assigned to the various activities performed by the plaintiff. Section 541.1(e) limits the "bona fide executive" to one who does not devote more than forty percent of his time to activities which are not directly or closely related to the executive duties defined in Sections 541.1(a)–(d).

Finally, Section 541.1(f) requires that an executive employee be compensated on a "salary basis." 29 C.F.R. § 541.118(a) excludes employees, such as the plaintiff, paid on an hourly basis, i. e., who are not paid "a predetermined amount . . . without regard to the number of days or hours worked."

Because defendant has not established that plaintiff customarily and regularly exercised discretion and independent judgment at least in the performance of a substantial portion of his duties and that he performed administrative or professional activities for not less than sixty percent of his time and because he was not paid on a salary basis as defined by the Secretary of Labor, the plaintiff also does not meet the definitions of bona fide "administrative" or "professional" employees set forth in 29 C.F.R. § 541.2 and § 541.3.

The above regulations promulgated by the Secretary of Labor are presumed valid unless shown to conflict with the Act. *Gilstrap v. Synalloy Corp., Indus. Piping Supply Co. Div.,* 409 F.Supp. 621, 624 (M.D. La.1976). They are constitutional. *See Craig v. Far West Engineering Co.,* 265 F.2d 251, 257–59 (9th Cir. 1959); *Hodgson v. Barge, Waggoner & Sumner,* 377 F.Supp. 842, 844 (M.D.Tenn.1972); *aff'd,* 477 F.2d 598 (6th Cir. 1972). *See also Wirtz v. Miss. Publishers Corp.,* 364 F.2d 603, 608 (5th Cir. 1966). The Eighth Circuit has stated that

the burden is upon those who attack an administrative regulation (when power to make regulations is given by Congress) to make its invalidity so manifest that the Court has no choice except to hold the regulation inappropriate to the end specified in the Act of Congress.

*Knight v. Mantel,* 135 F.2d 514, 517 (8th Cir. 1943). The defendant's attack on the regulations has not met this standard.

Moreover, exemptions under the Fair Labor Standards Act are to be strictly construed. *Mitchell v. Ky. Fin. Co.,* 359 U.S. 290, 295, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959); *Phillips Co. v. Walling,* 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed.2d 1095 (1945). The employer bears the burden of proving each of the conditions set forth in the regulations which define the claimed exemptions. *Craig v. Far West Engineering Co., supra,* 265 F.2d at 257. The defendant has not carried this burden.

The defendant next alleges that it meets the three-part test for the exemption established in 29 U.S.C. § 213(a)(2). However, the Court finds that the defendant does not meet the third part of the test for this exemption because it is "an enterprise described in 29 U.S.C. § 203(s)." 29 U.S.C. § 203(s) includes in the definition of an "enterprise engaged in commerce or in the production of goods for commerce" one which has "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and whose annual gross volume of sales exceeds $250,000.00.

The defendant has admitted [Filing # 7] that in 1975 and 1976 it purchased food products and T-shirts from other states for which it paid $3,798.00 and $6,248.00 respectively. Its gross volume of sales in 1975

was $274,228.00 and in 1976 was $309,223.00 [Filing # 10]. The Court finds that the exemption set forth in 29 U.S.C. § 213(a)(2) as further defined by 29 U.S.C. § 203(s) is not available to the defendant. *See Wirtz v. Melos Construction Corp.*, 408 F.2d 626 (2nd Cir. 1969).

The defendant has also moved for summary judgment on the issue of whether liquidated damages would be appropriate in this action if defendant has violated 29 U.S.C. § 207.

■ 29 U.S.C. § 216(b) provides that an employer who violates the wage and hour portions of the Act shall be liable to the affected employee for liquidated damages in the amount of the unpaid overtime compensation. However, the Court in its discretion may decline to award liquidated damages if the failure to pay overtime wages was in good faith and based on a reasonable belief that the Act was not thereby violated. *See* 29 U.S.C. § 260; *Craig v. Far West Engineering Co., supra*, 265 F.2d at 261.

■ The Court finds that this is not an appropriate case for an award of liquidated damages. In two uncontroverted affidavits, the owner, President and Treasurer of the defendant, Mary H. Vogel, stated that she acted in good faith with respect to the plaintiff and did not believe that the overtime portions of the Act applied to her employees. She paid the plaintiff substantially more than the legal minimum wage and never required that he work in excess of forty-six hours per week.[1] If plaintiff worked more than forty-six hours in any particular workweek, it was at his own request. The defendant's owner consulted her accountant who informed her that M'S Pub is solely a local and intrastate business to which the Fair Labor Standards Act does not apply. While the accountant was mistaken, the Court finds that Mary H. Vogel reasonably and in good faith relied on his advice.

Clearly, the defendant's owner sought to ascertain the law so as to comply with it. *See Hodgson v. Barge, Waggoner & Sumner, Inc., supra*, 377 F.Supp. at 845. The substantial payment to plaintiff in excess of the minimum wage demonstrates the defendant's good will. *See Rau v. Darling's Drug Store, supra*, 388 F.Supp. at 887. An award of liquidated damages is a severe sanction. *Snelling v. O. K. Service Garage, Inc.*, 311 F.Supp. 842, 846 (E.D.Ky.1970). As in that case, "[t]he facts of this case are not so clear cut that the defendant could not sincerely believe [she] was exempt."

Therefore, in accordance with the above opinion, partial summary judgment with respect to the issue of exemption from the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a)(1) and (2) is denied as to the defendant and is granted as to the plaintiff. The Court specifically finds that the defendant is not exempt from the wage and hour provisions of 29 U.S.C. § 207.

Partial summary judgment with respect to the issue of liquidated damages is granted to the defendant. The Court finds that the defendant has made a sufficient showing of good faith and reasonable grounds for belief that the Act had not been violated. The Court will not award liquidated damages in exercise of the discretion conferred by 29 U.S.C. § 260.

IT IS THEREFORE ORDERED that partial summary judgment with respect to the issue of exemption from the Fair Labor Standards Act is denied to the defendant and granted to the plaintiff.

IT IS FURTHER ORDERED that partial summary judgment with respect to the issue of liquidated damages is granted to the defendant.

IT IS FURTHER ORDERED that within thirty (30) days hereof, the plaintiff shall notify the Court in writing whether the remaining issues not submitted for summary judgment will be tried, abandoned or settled.

---

1. As defendant operates a restaurant, employees such as the plaintiff are entitled to overtime wages only for hours worked in excess of forty-six hours in any workweek. *See* 29 U.S.C. § 213(b)(8)(A).