Jesse SUTTON, Appellant,

v.

ENGINEERED SYSTEMS, INC., a corporation, Appellee.

No. 78–1868.

United States Court of Appeals, Eighth Circuit.

Submitted April 20, 1979.

Decided May 16, 1979.

STEPHENSON, Circuit Judge.

The sole issue to be considered by this court is whether the trial court[1] correctly applied, to appellant's job situation, the high-salaried executive exemption from overtime pay as defined in 29 C.F.R. §§ 541.1 & .119.

We hold that the trial court was correct in its application of the regulations and in finding that appellant's "primary duty consists of the management of * * * a customarily recognized department or subdivision thereof * * *." 29 C.F.R. § 541.119. We thus affirm the district court's denial of overtime pay to appellant.

Defendant-appellee Engineered Systems, Inc. employed plaintiff-appellant Jesse Sutton as a superintendent. The claim for overtime pay arose out of Sutton's work performance for Engineered Systems on the installation of an airport lighting and instrument landing system at Offutt Air Force Base, Omaha, Nebraska. Sutton was assigned to the Offutt project in February 1976 and designated as the job superintendent. He was paid a salary of $1300 per month with a bonus of 10% on any profits Engineered Systems might realize on the project.[2]

Sutton now contends that he is entitled to overtime compensation under 29 U.S.C. § 216(b).

The overtime provisions of the Fair Labor Standards Act are found at 29 U.S.C. § 207(a). Such overtime pay is required for employees who work over 40 hours a week, subject to some exemptions.[3] The exemptions to 29 U.S.C. § 207 are listed in 29 U.S.C. § 213 and include as an exemption employees in a bona fide executive capacity. 29 U.S.C. § 213(a)(1). This exemption is defined in 29 C.F.R. §§ 541.1 and .119. In

Russell S. Daub, Omaha, Neb., for appellant.

Edward J. McCarthy of Seminara, Caniglia, Turco, McCarthy & Sacoman, Omaha, Neb., for appellee.

Before STEPHENSON and HENLEY, Circuit Judges, and MEREDITH,* District Judge.

---

* The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

1. The Honorable Robert F. Denney, United States District Judge for the District of Nebraska.

2. There were no profits realized by Engineered Systems on the project.

3. Such exemptions are to be narrowly construed against the employer. The employer also carries the burden of proving the applicability of the exemption. *Gilstrap v. Synalloy Corp.*, 409 F.Supp. 621, 623-24 (M.D.La.1976); *Lane v. M's Pub, Inc.*, 435 F.Supp. 917, 919 (D.Neb.1977).

order to establish the employee's exemption under section 541.1, it is necessary for the employer to show several factors. However, if the employee is making $250 or more per week, he is deemed to have met all requirements of section 541.1(a)-(f) so long as "the employee's primary duty consists of the management of the enterprise in which employed or of a customarily recognized department or subdivision thereof and includes the customary and regular direction of the work of two or more other employees therein." 29 C.F.R. § 541.119(a).

█ The only factor challenged on this appeal is whether Sutton's primary duty consisted of the management of a customarily recognized department or subdivision of the enterprise. It is Sutton's contention that the Offutt project was not a customarily recognized department or subdivision as defined by the regulations and thus the exemption does not apply.

29 C.F.R. § 541.104 specifically addresses the problem of defining a recognized department or subdivision, and both appellant and appellee rely on these regulations to support their positions. The regulations state in part that "[t]he phrase 'a customarily recognized department or subdivision' is intended to distinguish between a mere collection of men assigned from time to time to a specific job or series of jobs and a unit with permanent status and function." 29 C.F.R. § 541.104(a).

The factual circumstances that concern this aspect of the regulations, even as stated by Sutton, were that Engineered Systems had four or five different construction projects going on at the same time the Offutt job was in progress. Each job was assigned a superintendent in charge, and each job was also assigned personnel to work on the project. Sutton contends that the testimony of Charles R. Higgins, president of Engineered Systems, Inc., defeats Engineered Systems' attempt at proving the exemption. Higgins' deposition, in relevant part, is as follows:

Q. [Counsel for defendant] Who was responsible within your company for assigning superintendents to the construction projects?

A. Generally the program manager of a project.

Q. Okay. And would this program manager consult with you as far as the assignment of the superintendents?

A. Occasionally. Not always.

Q. Customarily, has the assignment of a superintendent been an individual-type of function? What I'm getting at is, do you have a crew of individuals comprising a superintendent, quality control man, a foreman, et cetera, who as a crew go from site to site, from construction project to construction project?

A. No, sir, not always. There is not always a predetermined crew of people to go to a particular project.

Q. So the assignments of personnel are on an individual basis?

A. On a, generally an individual project basis.

Sutton argues that 29 C.F.R. § 541.104(f) describes this situation as one which is not an exemption, thus, Engineered Systems has not proved all the elements of the alleged exemption. Subsection (f) reads as follows:

(f) It cannot be said, however, that a supervisor drawn from a pool of supervisors who supervises employees assigned to him from a pool and who is assigned a job or series of jobs from day to day or week to week has the status of an executive. Such an employee is not in charge of a recognized unit with a continuing function.

29 C.F.R. § 541.104(f).

We do not agree with Sutton's conclusion. Initially, 29 C.F.R. § 541.104(f) must be read in conjunction with 29 C.F.R. § 541.104(a)-(e). Primarily, subsections (d) and (e) negate some of the language in subsection (f):

(d) The projects on which an individual in charge of a certain type of construction work is employed *may occur at different locations, and he may even hire most of his workforce at these locations. The mere fact that he moves his location would not invalidate his exemption if*

*there are other factors which show that he is actually in charge of a recognized unit with a continuing function in the organization.*

(e) *Nor will an otherwise exempt employee lose the exemption merely because he draws the men under his supervision from a pool, if other factors are present which indicate that he is in charge of a recognized unit with a continuing function.* For instance, if this employee is in charge of the unit which has the continuing responsibility for making all installations for his employer, or all installations in a particular city or a designated portion of a city, he would be in charge of a department or subdivision despite the fact that he draws his subordinates from a pool of available men.

29 C.F.R. § 541.104(d), (e) (emphasis added).

Reading subsection (f) in conjunction with (d) and (e) makes it clear that the import of the language in subsection (f) goes to supervision of employees who are assigned to jobs "from day to day or week to week." The work construction project herein possessed those "other factors" to which (d) and (e) refer that clearly establish it as a customarily recognized department or subdivision.

There was a trailer on site with a telephone and office equipment. The project was one of major proportions with an expected work period of 480 calendar days at a cost of approximately $700,000. Sutton was clearly in charge of supervising a recognized department or subdivision—the project at Offutt Air Force Base.

We cannot say that the trial court erred in concluding that Engineered Systems carried its burden of showing the construction project was a customarily recognized department or subdivision. Consequently, Engineered Systems has carried its burden of proving the exemption, and Sutton is not entitled to overtime pay.

We affirm the district court.

Affirmed.