**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Appellee,**

v.

**TAMA MEAT PACKING CORPORATION, Appellant.**

No. 86–1713.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1987.

Decided April 24, 1987.

Joseph P. Carey, White Plains, N.Y., for appellant.

Paula W. Coleman, Washington, D.C., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Tama Meat Packing Corp. (Tama) appeals from a final judgment entered in the

District Court [1] for the Northern District of Iowa in an action brought by the Secretary of Labor. alleging that Tama failed to pay overtime compensation to nonexempt employees. The district court awarded compensatory and liquidated damages and enjoined Tama from further violations of the Fair Labor Standards Act, 29 U.S.C. § 207(a) (FLSA). For reversal, Tama argues that the district court erred in holding that (1) the live-weight scalers, cold scalers and manifesters were not nonexempt administrative employees and (2) that Tama, as a result of a 1978 investigation by the Wage and Hour Division, agreed to pay the live-weight and cold scalers overtime in the future.

Tama, a corporation engaged in the business of slaughtering and processing beef, has approximately 435 employees. The seven employees whose compensation is at issue in this case are paid at least $250 per week.

In 1978, the Secretary found that Tama had violated the FLSA by failing to pay its cold scale and live-weight scalers as nonexempt employees. In 1984 a second investigation revealed that Tama still was not paying the live-weight and cold scalers as nonexempt employees. Neither was Tama paying its manifesters as nonexempt employees. Tama insisted then, as it does now, that these three job classifications are exempt administrative classifications.

In December 1984, the Secretary brought suit against Tama to recover overtime compensation for three live-weight scalers, one cold scaler and three manifesters, liquidated damages, and injunctive relief. Following a trial to the court, the district court held that the three jobs were not within the scope of the administrative work exemption and awarded $12,476.09 in compensatory damages and a like amount in liquidated damages, enjoined Tama from further violations of the FLSA, ordered that the employees assigned to the jobs in question be compensated at time and one-half for hours worked in excess of 40 in any one work week, and required Tama to keep records on the wages and hours of such employees as required by the Secretary's regulations. *Brock v. Tama Meat Packing Corp.*, No. C84–217, slip op. at 3–4 (N.D. Iowa Feb. 13, 1986). Tama appeals from this judgment.

Section 13(a)(1) of the FLSA exempts from the minimum wage and overtime provisions of the Act anyone employed in a bona fide "administrative" capacity as that term is defined by the regulations of the Secretary. The applicable regulation, 29 C.F.R. § 541.2(a)–(e), sets forth a four-part test for an "employee employed in a bona fide ... administrative ... capacity" for employees, other than academic administrative personnel, who are compensated at a rate of not less than $155 per week, exclusive of board, lodging, or other facilities. However, a "streamlined" or "short" two-part test is applied to employees who are compensated at a rate of not less than $250 per week, exclusive of board, lodging, or other facilities, whose primary duty consists of the "performance of office or nonmanual work directly related to management policies or general business operations of his [or her] employer" which includes "work requiring the exercise of discretion and independent judgment." *Id.* Unlike the regular test of administrative capacity, the short test does not require the employee to "customarily and regularly" exercise discretion and independent judgment.

Tama makes four arguments in support of its contention that these positions are exempt administrative positions. First, Tama argues that the positions require nonmanual work and a high level of skill and training. Second, the duties are performed without supervision. Third, the positions require an exercise of discretion and independent judgment. Fourth, the positions are of critical importance to Tama; improper performance in any of the positions would result in serious economic damage to Tama.

The government argues that the district court's finding that Tama's employees are

---

**1.** The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

not administrative employees is not clearly erroneous. The government asserts that an exemption is to be narrowly construed against the employer asserting it, *e.g., Sutton v. Engineered Systems, Inc.,* 598 F.2d 1134, 1135 n. 3 (8th Cir.1979), and an employer has the burden of affirmatively showing that its employees are exempt.

To succeed, Tama had to initially prove that the live-weight and cold scalers and manifesters primarily performed work directly related to Tama's management operations or general business. The district court's finding that these employees were engaged primarily in manual labor is not clearly erroneous and thus Tama cannot prevail. We note that the district court incorrectly applied the "long" test rather than the "short" test to determine the discretion and judgment question. However, this error had no effect on the outcome of this case. *Donovan v. United Video, Inc.,* 725 F.2d 577, 581 (10th Cir.1984) (primary duty issue is dispositive of case and judgment and discretion issue need not be decided).

We have carefully reviewed Tama's other contentions and conclude that the district court did not err in law or fact. Accordingly, the judgment of the district court is affirmed. *See* 8th Cir. R. 14.