**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Appellee,**

v.

**TONY AND SUSAN ALAMO FOUNDATION; Tony Alamo, Appellants.**

**Susan Alamo and Larry Larouche.**

**No. 89–1972.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1990.

Decided Sept. 25, 1990.

Roy Gean, III, Fort Smith, Ark., for appellants.

Monica Gallagher, Washington, D.C., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and DUMBAULD,* Senior District Judge.

WOLLMAN, Circuit Judge.

This is still another chapter in the on-going dispute between the Secretary of Labor and Tony Alamo and the Tony and Susan Alamo Foundation (collectively, the Foundation). *See Donovan v. Tony and Susan Alamo Foundation*, 722 F.2d 397 (8th Cir. 1983); *Tony and Susan Alamo v. Secretary of Labor*, 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985); *Brock v. Tony and Susan Alamo Foundation*, 842 F.2d 1018 (8th Cir.1988). For a full description of the Foundation's organizational structure and its operations, *see Donovan v. Tony and Susan Alamo Foundation*, 567 F.Supp. 556 (W.D.Ark.1982).

In our most recent opinion, we remanded the case to the district court with directions to estimate and fashion a reasonable remedy for all of the Foundation's employees covered by the Fair Labor Standards Act (FLSA) who had been improperly denied compensation, regardless of the lack of records. We also directed that the district court enter a specific finding as to Donald and Kathy Wylie and A.Z. Hudson. *Brock*, 842 F.2d at 1019–20.

On remand, the district court held that the Wylies' deposition testimony supported an inference that they had worked sixty hours per week from January 1, 1976, through June 1, 1978, and entered a specific finding to that effect.

The district court found that A.Z. Hudson was not exempt from coverage under the FLSA inasmuch as he did not meet the requirements for exemption as an executive as set forth in 29 C.F.R. § 541.1(f). Specifically, the district court found that although Hudson testified that he was paid $650 per week based on a sixty-hour week, the payroll records included notations that during several weeks Hudson worked fewer than the six days that his salary was based upon and that in those weeks his pay was reduced proportionately. Accordingly, the district court found that because Hudson did not receive his full salary during those weeks in which he did not work six days, he was not paid on a salary basis within the meaning of 29 C.F.R. § 541.118(a). Thus, Hudson was not exempt under section 13(a)(1) of the FLSA as a supervisory salaried employee.

The district court entered judgment awarding Donald and Kathy Wylie back wages in the amount of $14,545.42 each, together with prejudgment interest in the amount of $12,477.79 on each award. The judgment awarded A.Z. Hudson $2,711.90 in back wages, together with prejudgment interest in the amount of $1,911.89. The judgment also enjoined the Foundation from violating the relevant portions of the FLSA with respect to its employees.

* The HONORABLE EDWARD DUMBAULD, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation.

## THE WYLIES' CLAIM

The Foundation challenges the district court's back-wage award to the Wylies, contending that there was no credible evidence to support the district court's calculations and that the judgment was therefore based upon conjecture. We do not agree. Our remand directed the district court to fashion a reasonable remedy regardless of the lack of records. Where an employer has not kept adequate records of wages and hours, its employees cannot be penalized by being denied a recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. Rather, the employees are to be awarded compensation on the most accurate basis possible. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S.Ct. 1187, 1192–93, 90 L.Ed. 1515 (1946). Only a just and reasonable inference need be established as to the uncompensated work performed, and once the plaintiff has produced evidence of uncompensated labor "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88, 66 S.Ct. at 1192–93.

The Wylies' deposition testimony more than satisfied the Secretary's burden of proof under *Mt. Clemens*. They testified in detail regarding their own hours of work, as well as the hours of operation and the number of individuals in each shift for the construction business, sewing room, restaurant, and clothing store operated by the Foundation. For example, Donald Wylie testified that he and the other members of the roofing construction crew would arise at 5:30 a.m. and be on the job by 6:30 a.m. They worked until sundown on commercial jobs in the city of Ft. Smith, Arkansas, and then, after eating an evening meal, would work on a Foundation project until anywhere from 11:00 p.m. to 2:00 the following morning. This schedule was maintained six days a week.

Kathy Wylie testified that she was responsible for making up the schedules for the women who worked in the sewing room, which was open seven days a week. She testified that at times she and her co-workers would work three and four days in a row without any sleep or even a break. During the times that they were not working on an around-the-clock schedule, they worked from approximately 8:00 a.m. until 8:00 p.m. on the average work day. She also testified that during the time that she worked in the Foundation's clothing store the workday ran from 10:00 a.m. until at least 10:00 or 11:00 p.m., with some of the employees working until 2:00 the following morning.

In the light of this testimony, we consider the Foundation's objections to the district court's back wage award to the Wylies to border on the frivolous. Likewise, we reject the Foundation's contention that the district court's earlier rulings constituted a finding that the Wylies were not entitled to an award of back wages. Our opinion remanding the case to the district court for the entry of a remedial judgment was a clear rejection of the district court's earlier conclusion that the record was insufficient as a matter of law to support the award of back wages. Thus, we reject the Foundation's contention that the district court's 1982 decision stands as a bar to the entry of such a judgment now.

## THE HUDSON CLAIM

In the initial proceeding, the district court held that A.Z. Hudson, an outside worker employed by Alamo Construction Company, was exempt from the overtime provisions of the FLSA as "a supervisory salaried employee" under section 13(a)(1). *Donovan*, 567 F.Supp. at 573. On the Secretary's appeal of this ruling, we held that "upon remand the parties may wish to develop the record further with respect to the status of A.Z. Hudson." *Donovan*, 722 F.2d at 405. On that first remand, the district court entered a memorandum opinion that did not discuss Hudson's status and did not rule on the Secretary's contention that the Foundation had failed to prove that Hudson was exempt under section 13(a)(1). In our remand following the Sec-

retary's second appeal, we included a specific direction that the district court make a specific finding with respect to Hudson. *Brock*, 842 F.2d at 1020. As indicated above, the district court entered an award of back wages to Hudson, holding that the Foundation had not met its burden of proving that Hudson met the exemption criteria set forth in section 13(a)(1) of the FLSA. An employee is considered to be paid "on a salary basis" only if he "receive[s] his full salary for any week in which he performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.118(a). It was the Foundation's burden to prove that the deductions from Hudson's pay were permissible under that regulation. *Sutton v. Engineered Systems, Inc.*, 598 F.2d 1134, 1135 n. 3 (8th Cir.1979). We conclude that the district court did not err in holding that the Foundation had not met its burden of doing so. Accordingly, we affirm this portion of the district court's judgment.

### PREJUDGMENT INTEREST

 The Foundation challenges the district court's award of prejudgment interest as excessive and punitive in nature when compared to the amount of the award for back wages and when viewed in the light of Foundation's unique character as an employer. We conclude that this argument is without merit. We have held that prejudgment interest, like the back wage award, insures that an employee will receive "full compensation for his injuries." *Hodgson v. American Can Co.*, 440 F.2d 916, 922 (8th Cir.1971). *See also Brock v. Richardson*, 812 F.2d 121 (3d Cir.1987).

■ The amount of the prejudgment interest award is necessarily a function of the length of time that elapsed between the wrongful withholding of the employees' wages and the district court's judgment. We conclude that there are no equitable considerations militating against the award of prejudgment interest in this case. Likewise, we find no merit in the Foundation's argument that because of its unique status as a religious, charitable organization it should somehow be relieved of the obli-

gation to pay prejudgment interest. As the Supreme Court held, the FLSA contains no exception for commercial activities conducted by religious or other nonprofit organizations. *Tony and Susan Alamo*, 471 U.S. at 297, 105 S.Ct. at 1959. Accordingly, we hold that the district court did not err in awarding prejudgment interest in the amounts set forth in the judgment.

As the Secretary noted in her brief and during oral argument, the matter of the appropriate back wage award for the remaining employees is still pending in the district court. We would hope that those claims can be resolved as soon as is practicable so that this protracted litigation can finally be concluded.

The district court's judgment is affirmed.