# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3625

———————

| | |
|---|---|
| Matthew W. Barnett, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Young Men's Christian Association, | * |
| Inc.; George Hartsfield, Director, | * (UNPUBLISHED) |
| | * |
| Appellees. | * |

———————

Submitted: February 25, 1999
Filed: March 4, 1999

———————

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Missouri inmate Matthew W. Barnett appeals from the district court's dismissal under 28 U.S.C. § 1915 of his action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and state law. We reverse.

Barnett filed this action against Young Men's Christian Association, Inc. (YMCA), and George Hartsfield, a general manager employed by YMCA, seeking punitive and compensatory damages, and to proceed in forma pauperis (IFP). In relevant part, Barnett alleged that he worked at a YMCA as part of a work-release

furlough program. YMCA employees would pick up Barnett at the prison and take him to the YMCA where he worked forty hours a week, essentially as a maintenance worker. Prison officials did not supervise or make "spot checks" of Barnett at the YMCA, and Hartsfield, who maintained employment records, had the power to hire and fire Barnett, and to control his schedule, conditions of employment, and rate of pay. Barnett "freely contracted with the YMCA" to sell his labor for which YMCA directly paid him $1.00 an hour. Barnett claimed that he was thus an "employee" under the FLSA, and was entitled to be paid at the minimum wage. Barnett also asserted state law claims arising from YMCA's failure to pay him the minimum wage, and from his discharge after he voiced his opinions about the inadequacy of his wage.

Under 28 U.S.C. § 1915(e)(2), district courts "shall dismiss" cases filed IFP "at any time if the court determines" that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." We conclude Barnett's complaint neither is frivolous nor fails to state a claim.

The FLSA provides that "[e]very employer shall pay to each of his employees" not less than the minimum wage. See 29 U.S.C. § 206(a). An "employee" is defined as "any individual employed by an employer," 29 U.S.C. § 203(e)(1); and "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). The Supreme Court has suggested that "employee" is expansively defined under the FLSA, see Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 325-26 (1992), and has stated that courts should determine whether an individual is an "employee" in light of the "economic reality" of the situation under the totality of the circumstances, rather than rely on technical labels, see Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961).

Circuit courts have consistently rejected the notion that all prisoners are categorically excluded from coverage under the FLSA. See Danneskjold v. Hausrath, 82 F.3d 37, 40-41 (2d Cir. 1996) (rejecting per se rule that prisoners may never be

-2-

considered "employees"); Henthorn v. Department of Navy, 29 F.3d 682, 685 (D.C. Cir. 1994) ("most courts refuse to hold that prisoners are *categorically* barred from ever being ʿemployeesʾ"); Hale v. Arizona, 993 F.2d. 1387, 1393 (9th Cir.) (en banc) (finding that FLSA may be applicable to prisoners under certain circumstances), cert. denied, 510 U.S. 946 (1993); Vanskike v. Peters, 974 F.2d 806, 808 (7th Cir. 1992) ("prisoners are not categorically excluded from the FLSA's coverage simply because they are prisoners"), cert. denied, 507 U.S. 928 (1993); Watson v. Graves, 909 F.2d 1549, 1554 (5th Cir. 1990) (holding that status as inmate does not foreclose inquiry into FLSA coverage).

Two circuit courts have held that a prisoner may be an employee for purposes of the FLSA when the prisoner voluntarily works outside the prison for a private company that supervises and directly pays the prisoner. See Watson, 909 F.2d at 1554-56 (finding that inmates participating in work-release program were "employees" of private construction company where inmates had not been sentenced to hard labor, law enforcement officers did not make routine or "spot" checks of job sites, and company paid inmates directly); Carter v. Dutchess Community College, 735 F.2d 8, 15 (2d Cir. 1984) (holding that college might have "employed" inmates as tutors where college made proposal to employ inmates, suggested wage, developed eligibility criteria, recommended particular inmates for positions, was not required to take inmates it did not want, decided hours inmates worked, and sent compensation directly to inmates' accounts). Other circuit courts have made statements consistent with the holdings in Watson and Carter. See, e.g., Villarreal v. Woodham, 113 F.3d 202, 206-07 (11th Cir. 1997) ("the more indicia of traditional, free-market employment the relationship between the prisoner and his putative 'employer' bears, the more likely it is that the FLSA will govern the employment relationship" (internal quotation and citation omitted)); Danneskjold, 82 F.3d at 44 (holding that FLSA applies where prisoner's labor "for a private employer in the local or national economy would tend to undermine the FLSA wage scale"); Reimonenq v. Foti, 72 F.3d 472, 476 (5th Cir. 1996) (finding that although sheriff-custodian was not subject

to FLSA liability for inmate on work-release, inmate's "free-world employer" was bound by the statute and subject to FLSA liability); Henthorn, 29 F.3d at 686 (holding that FLSA may apply where prisoner voluntarily sells labor in exchange for wage paid by alleged employer other than prison itself).

In deciding that Barnett was not covered by the FLSA, the district court relied on McMaster v. Minnesota, 30 F.3d 976 (8th Cir. 1994), cert. denied, 513 U.S. 1157 (1995). In McMaster, we held that inmates "who are required to work as part of their sentences and perform labor within a correctional facility as part of a state-run prison industries program are not 'employees'" under the FLSA. Id. at 980. We noted that the primary purpose of the FLSA–providing minimum standards of living for workers--had no application in the prison context, and that the second purpose of the FLSA--protecting competition--was addressed by the Ashurst-Sumners Act, 18 U.S.C. §§ 1761, 1762 (criminalizing transport in interstate commerce of any goods produced by prisoner). See id. McMaster does not control here for two reasons.

First, we note that the FLSA's goal of protecting competition is not served by denying coverage to Barnett because the Ashurst-Sumners Act would not apply to preserve competition here: Barnett did not make goods to be sold in interstate commerce--he provided maintenance services. Second, this suit presents materially different facts than those before us in McMaster. This case is factually much closer to Watson or Carter, both of which we distinguished in McMaster. See id. at 979-80 (finding Watson distinguishable because inmates did not work in jail, were picked up at jail by private contractor, were left unguarded, were not assigned to work as part of their sentences but volunteered, and were paid directly; finding Carter distinguishable because inmates there sought relief against private company rather than prison, and because inmates were not required to work as part of their sentences). This suit was brought against a private entity, as was the case in both Watson and Carter, and not against a branch or representative of the county, state, or federal government, or against the prison or prison industries--where courts have

-4-

denied FLSA coverage to prisoners.  Cf., e.g., Villarreal, 113 F.3d at 204; Nicastro v. Reno, 84 F.3d 1446, 1447 (D.C. Cir. 1996) (per curiam); Reimonenq, 72 F.3d at 474; Franks v. Oklahoma State Indus., 7 F.3d 971, 972 (10th Cir. 1993); Hale, 993 F.2d. at 1389;  Harker v. State Use Indus., 990 F.2d 131, 132 (4th Cir. 1993); Vanskike, 974 F.2d at 806; Miller v. Dukakis, 961 F.2d 7, 8 (1st Cir.) (per curiam), cert. denied, 506 U.S. 1024 (1992).

Although the district court suggested YMCA's status as a nonprofit organization formed for a public purpose--rather than a private company--distinguished the present case from Watson, we see no reason why this status should immunize YMCA from the requirements of the FLSA in the present case.  See Dole v. Tony & Susan Alamo Foundation, 915 F.2d 349, 352 (8th Cir. 1990) (holding that FLSA contains no exceptions for commercial activities conducted by religious or other nonprofit organizations; citing Tony & Susan Alamo v. Secretary of Labor, 471 U.S. 290, 297 (1985)).

Thus, treating Barnett's allegations as true, we conclude he has stated a claim under the FLSA.  Accordingly, we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-