United States Court of Appeals

For the Eighth Circuit

_____

No. 14-1146

_____

Greg Holaway

*Plaintiff - Appellant*

v.

Stratasys, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 8, 2014
Filed: November 6, 2014

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Greg Holaway brought this Fair Labor Standards Act ("FLSA") case against his former employer Stratasys, Inc. ("Stratasys"). The district court[1] found Holaway

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

failed to put forth any evidence of unpaid overtime and granted summary judgment to Stratasys. Holaway now appeals. We affirm.

I

Holaway was employed as a Field Service Engineer ("FSE") for Stratasys from 2006 until 2012. At the time of Holaway's employment, Stratasys categorized FSEs as exempt from the provisions of the FLSA requiring certain employees be paid overtime wages for working more than forty hours a week. 29 U.S.C. § 207(a). As an FSE, Holaway installed and serviced three-dimensional printers manufactured and distributed by Stratasys. Holaway worked independently out of his home and was on duty during the work week waiting for assignments. When a client requested installation or servicing, a supervisor would inform Holaway and Holaway would thereafter travel to a client's location and install or service a printer. As a salaried employee, Holaway did not receive overtime if he worked over forty hours in any given week.

On February 8, 2012, Holaway sent an email to other FSEs complaining Stratasys was expecting the FSEs to work "45/50/55/60" hour weeks without overtime. Appellant App. 3. Thereafter, Stratasys terminated Holaway for violating Stratasys's online protocol.

On April 24, 2012, Holaway commenced this lawsuit in the United States District Court for the District of Minnesota, alleging Stratasys was in violation of the FLSA. In an August 2012 deposition, Holaway testified there was variance in his day-to-day and week-to-week schedule. Appellant App. 134. Specifically, regarding work done before 8 a.m. on a weekly basis, Holaway testified he typically worked two to three hours doing preparation work, id. at 137, and he typically spent three to four hours traveling to locations, id. at 138. Regarding work performed after 5 p.m. on a weekly basis, Holaway testified he typically spent four to five hours driving to

a client's site or hotel, id. at 141, three to four hours at a client's site, id., three to four hours writing expense reports, id. at 143, and one to two hours arranging travel time, id. at 145. Holaway also testified he typically worked two to three hours each weekend on administrative work. Id. Finally, Holaway testified he typically worked sixty-two to seventy hours a week. Id. In a March 2013 deposition, Holaway testified, basing his estimate on "what [he] did on a day-to-day basis on a weekly basis and fill[ing] in the hours," he worked an average of sixty to seventy hours a week for the duration of his employment. Id. at 10. In a July 2013 deposition, Holaway testified, based on "mainly just recollections of [his] daily activities," he typically worked sixty hours per week. Id. at 153.

Holaway seeks damages based on his approximation he worked 60 hours per week every week of his employment. Following discovery, Stratasys moved for summary judgment, which the district court granted after finding Holaway failed to put forth evidence sufficient to show Holaway worked more than forty hours a week. Holaway now appeals.

II

"We review a district court's decision to grant a motion for summary judgment *de novo*, applying the same standards for summary judgment as the district court." Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering summary judgment motions, "[t]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and we review the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party. Davis v. Jefferson Hosp. Ass'n, 685 F.3d 675, 680 (8th Cir. 2012) (internal quotation marks and citation omitted). The non-moving party must substantiate his allegations

by "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." Mann v. Yarnell, 497 F.3d 822, 825 (8th Cir. 2007) (alteration in original) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quotation marks and citation omitted).

The parties contest whether Holaway was properly classified as an exempt employee. We need not determine whether Holaway was improperly classified as exempt because, even assuming Holaway's employment was subject to the overtime requirements of the FLSA, Holaway has failed to put forth evidence sufficient to demonstrate he ever worked for more than forty hours per week.

For non-exempt employees, the FLSA prohibits the employment of any person "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee who sues for unpaid overtime "has the burden of proving that he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946), superseded by statute on other grounds; see also Fast v. Applebee's Int'l, Inc., 638 F.3d 872, 881 (8th Cir. 2011). For employees subject to the overtime limits of the FLSA, employers are required to keep records of wages and hours. 29 U.S.C. § 211(c). If an employer has failed to keep records, employees are not denied recovery under the FLSA simply because they cannot prove the precise extent of their uncompensated work. Dole v. Tony & Susan Alamo Found., 915 F.2d 349, 351 (8th Cir. 1990). Rather, "employees are to be awarded compensation based on the most accurate basis possible." Id. Under this relaxed standard of proof, "once the employee has shown work performed for which the employee was not compensated, and 'sufficient evidence to show the amount and

-4-

extent of that work as a matter of just and reasonable inference,' the burden then shifts to the employer to produce evidence to dispute the reasonableness of the inference." Carmody v. Kansas City Bd. of Police Comm'rs, 713 F.3d 401, 406 (8th Cir. 2013) (quoting Anderson, 328 U.S. at 687-88).

Because Stratasys classified Holaway as exempt from the overtime requirements of the FLSA, Stratasys did not keep precise records regarding the hours worked by Holaway. Because his employer did not keep records, Holaway need not put forth "the precise extent of uncompensated work." Carmody, 713 F.3d at 406. However, Holaway has failed to meet even the relaxed evidentiary standard because he failed to put forward any evidence of the amount and extent of his work in excess of forty hours a week for any week worked for Stratasys, let alone evidence of excess hours worked every week of his employment. Holaway has, instead, put forth contradictory and bare assertions of his overtime hours worked. At various times, Holaway has estimated his work hours as between forty-five and seventy hours a week, yet has failed to specifically account for the hours worked. In fact, Holaway failed to put forth any evidence regarding specific weeks where he worked beyond forty hours. Holaway has also failed to provide a meaningful explanation of how he arrived at his final estimate of sixty hours a week, every week, of his employment. Holaway provided only vague testimony and failed to reference specific days and hours worked. This failure includes a failure by Holaway to check his hours worked against any business records kept by Stratasys. In his calculations regarding his typical hours worked, Holaway also failed to take into account any paid holidays, any paid vacation, or any days he was on duty at home yet never was called out to install or service a printer.

Even taking the evidence in the light most favorable to Holaway, the evidence is inconsistent and provides no details which would allow a jury to determine Holaway worked beyond forty hours in any specific week of his employment. Therefore, Holaway has failed to come forward with "sufficient evidence to show the

*amount and extent* of [overtime] work" which would allow a fact-finder to find overtime hours "as a matter of just and reasonable inference." Anderson, 328 U.S. at 687-88 (emphasis added).

## III

Accordingly, we affirm the judgment.

————————————————————